[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Allen B. Cyr, the successful bidder at a foreclosure sale of the subject property, moves this court to vacate the sale and to refund his $11,000 deposit.
The facts are as follows: Defendant Pierre LeClerc is the owner of property at 57 Cedar Street against which plaintiff Town of Wethersfield seeks in this action to foreclose tax liens dating back to the grand list year of 1981. LeClerc, the only defendant, was defaulted. On January 21, 1992 a judgment of foreclosure by sale was entered; plaintiff's debt was found to be $23,000; counsel, appraiser and title fees were awarded; an appraisal of $110,000 as the fair market value of the property was submitted; a committee was appointed; and the sale date was set for February 29, 1992. The sale was duly conducted; 41 bids were submitted by eight different bidders; Cyr's bid of $66,500 was the final bid and it was accepted by the committee. Immediately thereafter a bond for deed between the committee and Cyr was executed and Cyr paid a deposit of $11,000. On March 23, 1992 the court approved the sale and committee deed. Under the bond for deed, the closing was to take place April 22, 1992. On April 15, 1992, a fire broke out in the residence, causing considerable damage, and evidence pointed to it having been caused by defendant LeClerc.
Cyr moved to stay the sale in order to assess the damages. On April 20, 1992 the court granted a stay until May 20, 1992. On being informed LeClerc was in a mental hospital, the court also appoint an attorney as guardian ad litem of LeClerc for purposes of determining whether he should have a conservator.
On June 8, 1992, the court hear Cyr's motion to vacate the sale. The evidence was that the cost of repair of the fire damage amounted to $14,039. At that hearing the guardian ad litem reported that he had spoken to both LeClerc and his psychiatrist, learned LeClerc had been a patient at Cedarcrest Hospital, was discharged on June 1, 1992, was staying in a rooming house in Hartford, and was under the care of social workers. The guardian ad litem stated LeClerc knew all about the foreclosure proceedings and understood its consequences.
The issue before this court is who should bear the risk of the fire under the circumstances of this case.
The Supreme Court recognized the majority common law CT Page 6136 rule in Anderson v. Yaworski, 120 Conn. 390 (1935), that where a contract was made to convey land upon which a building stood, the burden of the loss for the burning of the building, without fault of either party, fell upon the buyer. However, it departed from that rule and held the burden should rather fall upon the seller. This has been the Connecticut law ever since.
In this case, the fire broke out during the appeal period after the court approved of the foreclosure sale but before the court-appointed committee executed and delivered the deed to Cyr. Two Superior Court cases are instructive but not determinative of the issue before this court. In Security Pacific National Bank v. Carchidi, 5 Conn. L. Rptr., No. 8, 203 (Koletsky, J., December 2, 1991) hurricane damage to property, the subject of a foreclosure sale, occurred between the sale and a motion made to approve the sale. The court found the damage to be unsubstantial and approved the sale. In Savings and Loan Association of Southington, Inc. v. Henderson, 9 CLT No. 51, p. 17 (Murray, J., December 19, 1983) the foreclosed upon property was damaged by a tenant, after the foreclosure sale and after its approval by the court; a motion by the successful bidder to reduce the sale price was denied on the grounds the bidder owned the property when it was damaged.
Here, the property being peculiarly within the jurisdiction of the court, title not having been conveyed by the committee to the unsuccessful bidder, equitable principles, rather than rigid legal rules, should apply to determine the burden of the loss caused by the fire. Cyr did not have title or control of the property at the time of the fire. He could not have prevented or anticipated it. The fire has prevented substantial performance of the contract that Cyr and the committee entered into and equitable principles dictate the court treat Cyr released from it. Anderson v. Yaworski, supra 399-400.
Moreover, the indication is LeClerc caused the fire. Since the plaintiff's debt is $23,000 and property was sold for $66,500 and had an appraised value of $110,000, LeClerc has a substantial equity in it and will receive from the sale a substantial sum of money. Because he was at fault, he should bear the loss incurred by his act, rather than the innocent Cyr.
Thus, Cyr's motion to vacate the sale is granted and the deposit may be refunded. The court further orders that the committee inspect the property, assess the feasibility of repair of fire damage before another sale, and report to the court. With that information, the court will set another date for the foreclosure sale and the terms thereof. CT Page 6137
Robert Satter State Trial Referee